IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

GEORGE MILLER,

                                                                      ORDER

                Petitioner,

                                                                    09-cv-66-bbc

    v.

C. HOLINKA, Warden,

                Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In 2002, petitioner George Miller pleaded guilty to possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). He now challenges the validity of his conviction on various grounds in a petition for a writ of habeas corpus under 28 U.S.C. § 2241. He has paid the filing fee. Because petitioner is incarcerated at the Federal Correctional Institution in Oxford, Wisconsin, venue is proper in this district. Moore v. Olsen, 368 F.3d 757 (7th Cir. 2004).

      Before I may consider the merits of the petition, petitioner must overcome two hurdles. The first one is straightforward and easily fixed: petitioner has not verified that the statements made in his petition are being made under penalty of perjury, as is required by 28 U.S.C. § 2242. Thus, the case may not proceed until petitioner submits a revised

1

signature page on which he includes the statement that "The statements in the petition are true and correct under penalty of perjury."

The second problem is more substantial. Normally, a federal prisoner seeking to attack his conviction or sentence must do so on direct appeal or in a motion filed under 28 U.S.C. § 2255. Kramer v. Olson, 347 F.3d 214, 217 (7th Cir. 2003). Relief under § 2241 is available only when a motion under § 2255 is "inadequate or ineffective to test the legality of [the prisoner's] detention," 28 U.S.C. § 2255(e), which means that "a structural problem in § 2255 forecloses even one round of effective collateral review" and "the claim being foreclosed is one of actual innocence." Taylor v. Gilkey, 314 F.3d 832, 835 (7th Cir. 2002). Further, a prisoner may not show that a motion under § 2255 is "ineffective" simply because that remedy is no longer available, either because the deadline for filing such a motion has passed or the prisoner has filed a previous motion under § 2255 and cannot satisfy the requirements for filing a second motion under § 2255(h). Unthank v. Jett, 549 F.3d 534, 535-36 (7th Cir. 2008) (rejecting argument that "whenever § 2255(h) closes the door to a renewed challenge under § 2255, then § 2255(e) must open the door to a challenge under § 2241"); Morales v. Bezy, 499 F.3d 668, 672 (7th Cir. 2007) ("A prisoner cannot be permitted to lever his way into section 2241 by making his section 2255 remedy inadequate.")

Petitioner's petition is 54 pages long and includes many grounds for his belief that

2

his conviction is illegal. However, he fails to include any discussion showing that a motion under § 2255 was inadequate to challenge his conviction and that his claims are ones of actual innocence. Accordingly, I will give petitioner an opportunity to correct this defect in his petition. If he fails to do so, his petition will be dismissed.

ORDER

IT IS ORDERED that petitioner George Miller may have until April 2, 2009, to file an amended signature page and supplement to his petition showing that a motion under 28 U.S.C. § 2255 would be "inadequate or ineffective to test the legality of [petitioner's] detention." If petitioner fails to respond by April 2, I will deny the petition for his failure

3

to show that he is in custody in violation of federal law.

Entered this 19th day of March, 2009.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge

4