IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

GEORGE MILLER,

                                                                                         ORDER

                         Petitioner,

                                                                                        09-cv-66-bbc

     v.

C. HOLINKA, Warden,

                         Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       In this petition for a writ of habeas corpus brought under 28 U.S.C. § 2241, petitioner George Miller is challenging his 2002 conviction for possession of a firearm by a felon on numerous grounds. He has responded to this court's March 20, 2009 order directing him to do two things.

       First, I asked petitioner to file an amended signature page to his petition because he had not verified that the statements made in his petition are being made under penalty of perjury, as is required by 28 U.S.C. § 2242. Petitioner has complied with that order. Dkt. #5. Second, I informed petitioner that the general rule for federal prisoners like him is that they must challenge their conviction on direct appeal or in a motion filed under 28 U.S.C. § 2255. Kramer v. Olson, 347 F.3d 214, 217 (7th Cir. 2003). I directed him to address the

1

question whether his claims fall into the rule's exception, which is that relief under § 2241 is available when a motion under § 2255 is "inadequate or ineffective to test the legality of [the prisoner's] detention." 28 U.S.C. § 2255(e). The Court of Appeals for the Seventh Circuit has interpreted this standard to mean that the prisoner must show that "a structural problem in § 2255 forecloses even one round of effective collateral review" and "the claim being foreclosed is one of actual innocence." Taylor v. Gilkey, 314 F.3d 832, 835 (7th Cir. 2002).

In his response petitioner attempts to meet this standard with respect to only one of his grounds for relief, which is that his conviction for felon in possession of a firearm under 18 U.S.C. § 922(g)(1) violates his right to bear arms under the Second Amendment. Accordingly, I conclude that petitioner has abandoned any other ground for relief he asserted in his petition.

With respect to his claim under the Second Amendment, petitioner says that he could not have raised it under § 2255 because he relies on District of Columbia v. Heller, 128 S. Ct. 2783 (2008), a case decided long after his deadline for filing a § 2255 motion. However, even if I agreed with petitioner that he may bring his claim under § 2241, his claim fails on the merits. I concluded in United States v. Kilgore, 08-cr-66-bbc, 2008 WL 4058020 (W.D.Wis. Aug. 26, 2008), that Heller does not affect the constitutionality of convictions under § 922(g)(1): "Heller holds only that the District of Columbia cannot constitutionally

2

ban handgun possession in the home for use in self-defense by persons not otherwise prohibited from gun possession. The Court has not addressed the right of the states to impose restrictions on handgun possession and it has said explicitly that its opinion in Heller is not intended to suggest that all gun laws and firearms restrictions are unconstitutional." See also United States v. Yancey, No. 08-cd-103-bbc, 2008 WL 4534201, *1 (W.D.Wis. Oct. 3, 2008) ("Since Heller was decided, no court has found the firearm restrictions in 18 U.S.C. § 922 to be unconstitutional, even under an individual rights interpretation of the Second Amendment. Instead, courts have repeatedly affirmed the constitutionality of the statute's prohibition of firearm possession by felons.")

In fact, in Heller the Court emphasized the limited nature of its ruling: "[N]othing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms." Id. at 2816-17.

Even petitioner appears to concede that Heller does not invalidate his conviction. In his supplement, he says that the Supreme Court "indicated that the laws concerning felons still stood" but that he "tend[s] to disagree with this statement for numerous reasons." Dkt. #8. Petitioner does not seem to understand the problem with his view. Petitioner cannot on one hand argue that Heller justifies relief under § 2241 but on the other hand argue that

3

Heller is wrong. In any event, I cannot disregard the Court's statement; even if I could, I adhere to my view in Kilgore that the Second Amendment does not invalidate petitioner's conviction.

ORDER

IT IS ORDERED that petitioner George Miller's petition for a writ of habeas corpus under 28 U.S.C. § 2241 is DENIED for his failure to show that he is in custody in violation of federal law.

Entered this 14th day of April, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

4